```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

JOE HAND PROMOTIONS, INC.,

                                            **ORDER**
                                            20-CV-132
           Plaintiff,            (KAM)(CLP)

   -against-

PETER MILLER, *et al.*,

           Defendant.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On January 7, 2020, Joe Hand Promotions, Inc. ("Plaintiff") commenced this action against Peter Miller, individually, and as officer, director, shareholder and/or principal of Goldmaker Inc., d/b/a Estelle Lounge ("Goldmaker"), and Goldmaker (collectively, "defendants") alleging violations of the Federal Communications Act of 1934, 47 U.S.C. §§ 553, 605, and copyright infringement in violation of the Copyright Act, 17 U.S.C. §101, *et seq*. (ECF No. 1, Complaint.)

        On June 16, 2020, plaintiff moved for default judgment against all defendants. (ECF No. 13, Motion for Default Judgment.) On February 16, 2021, the court referred this matter to Chief Magistrate Judge Cheryl L. Pollak for a Report and Recommendation. (*See* Order Referring Mot., 2/16/2021.) On February 26, 2021, Judge Pollak issued a Report and Recommendation recommending that the court grant plaintiff's

motion for default judgment and award damages against defendants. (*See* ECF No. 14, Report and Recommendation ("R&R") at 22.) The Report and Recommendation notified the parties of the right to file written objections within fourteen (14) days of receipt of the Report and Recommendation. (R&R at 22.) On March 15, 2021, a copy of Judge Pollak's R&R was mailed to defendants. By letter dated March 27, 2021, and filed on March 29, 2021, Peter Miller objected to the R&R's recommendation that judgment be entered. (ECF No. 15, Objection to Report and Recommendations.) Peter Miller, the *pro se* defendant may represent only himself and not a corporation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Consequently, the court construes the objection to apply only to the recommended judgment against Defendant Miller and not Goldmaker.

**I.  Goldmaker**

No party has objected to the portions of the R&R concerning Goldmaker, and the time for doing so has passed. Additionally, this court finds that Goldmaker was properly served with the summons and complaint. (ECF No. 8, Goldmaker Summons Returned Executed.) A corporation may be served with process either by "following state law" or by "delivering a copy of the summons and of the complaint to an officer, a managing or

2

general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). New York law authorizes two methods of serving process on a corporation: either by serving the New York Secretary of State, who then forwards a copy to the address it has on file for the corporation, N.Y. Bus. Corp. Law § 306(b)(1), or by personally delivering the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," N.Y. C.P.L.R. § 311(a)(1). Here, Goldmaker was properly served with process through the New York Secretary of State (ECF No. 8, Goldmaker Summons Returned Executed), and all subsequent motions and orders were mailed to the address of the corporation, 1824 Avenue U in Brooklyn. (See ECF No. 10, Certificate of Service; ECF No. 13, Motion for Default Judgment.) Goldmaker has not appeared, opposed any of plaintiff's motions, or defended against the claims in this action.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear

3

error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The Court has reviewed the record concerning the portions of the R&R to which no objection was made and, finding no clear error, adopts those portions of the R&R recommending that plaintiff's motion for default judgment be granted against Goldmaker. Plaintiff's motion for default judgment against Goldmaker is granted.

**II.    Peter Miller**

Peter Miller's unsworn letter contains an address at 1824 Avenue U, Brooklyn, NY 11229, and requests that all documents to Mr. Miller be sent to that address. (ECF No. 15, Objection to Report and Recommendations.) Mr. Miller objects to the recommendation to grant plaintiff's motion for default judgment, stating that "[the] complaint was not properly served" and that he has "never lived at 7401 Shore Blvd." (*Id.*) Plaintiff's return of service on Mr. Miller states that he was served at 263 West End Avenue, Brooklyn, NY 11235 by delivering copies to a co-resident, Nina Vaskinia, at that address. (ECF No. 9, Miller Summons Returned Executed.) Mr. Miller also states that on August 15, 2019, he was living in the Goldmaker basement at 1824 Avenue U in Brooklyn. (ECF No. 15, Objection

4

to Report and Recommendations.)  His letter also states that he "ordered the fight for himself so I can watch it," and that there were two or three workers at the establishment at the time.  (*Id.*)  Miller also disputes the capacity of the establishment, claiming that it cannot accommodate 100 people.  (*Id.*)

Because there appears to be a dispute as to whether service of process was properly effectuated on Miller and other questions of fact, this court denies without prejudice plaintiff's motion for default judgment as to Miller.

### CONCLUSION

Upon a careful review of the record and Judge Pollak's thorough, well-reasoned Report and Recommendation, the court affirms and adopts the Report and Recommendation as to Goldmaker.  The court denies without prejudice plaintiff's motion for default judgment as to Miller.  The court orders Mr. Miller and the plaintiff to appear for a telephone conference at 11:00 a.m. on Tuesday, April 6, 2021.  The parties shall dial into the conference by calling 1-888-684-8852 and entering the following access code: 1312089.  Plaintiff is ordered to serve a copy of this Order on both defendants and file a declaration of service no later than April 1, 2021.  The Clerk of Court shall enter judgment against Goldmaker Inc., d/b/a Estelle Lounge in

5

the amount of $7,375, and serve the judgment at 1824 Avenue U,

Brooklyn, NY, and note service on the docket.

**SO ORDERED.**
Dated:    March 31, 2021
          Brooklyn, New York

                                      /s/
                              Kiyo A. Matsumoto
                              United States District Judge